JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY of Boston, Appellee, v. ISABELLA McFEE et al., Appellants.

No. 43616.

OCTOBER 20, 1936.

K. H. Davenport and Tinley, Mitchell, Ross & Everest, for appellee.

R. Brown, for appellants.

HAMILTON, J.—In September, 1933, the plaintiff commenced an action in the district court of Union county, Iowa, for foreclosure of a $10,000 mortgage upon a 200-acre farm situated in said county and owned by the defendant, Isabella McFee, who, together with Bruce McFee and Isaac N. McFee, joined in the execution of the note secured by said mortgage. On application of the defendants the cause was continued under the moratorium statute until March 1, 1935. On February 23, 1935, motion for continuance was filed under Senate File 34, Chapter 115, Acts of the 46th General Assembly, asking for further continuance to March 1, 1937, which was granted. A receiver or conservator was named in the order granting the continuance, and the order provided that such conservator was given authority to rent said premises for the year ending March 1, 1936, and to settle the balance of the rent due under the lease for 1934. It appears that the conservator and the tenant were unable to agree upon

the terms of the lease for the year 1935, and the matter was again submitted to the court in June of 1935, at which time the court fixed the rental at $650 cash, payable in two installments. That order contained the following provision:

"7. In the event of a failure by said applicants to comply with any terms of this order or with any of the provisions of any lease executed by them under the terms hereof, then upon application by the plaintiff to the court or any judge of this judicial district upon such notice as the court or judge may prescribe, a ruling shall issue directing the said applicants to show cause why the rents should not be paid or other provisions of this order complied with, or at the election of the plaintiff this order for continuance shall be expunged and this cause shall proceed to trial the same as if this order had not been entered."

The defendants failed to comply with this order, the tenant on the farm, Bruce McFee—one of the appellants, who after the death of his mother owned a one-fifth interest in the farm— failed to make payment of any part of the $650 cash rent, and on March 2, 1936, the plaintiff filed an application for an order expunging the order for continuance. To this the appellants filed a resistance, setting up the fact that there was a substantial failure of crops on said land, and that one W. E. Johnson, who was representing the plaintiff, agreed to accept the sum of $450 in full of said rental, and that the said tenant was willing to pay said amount. The case was tried to the court, and after hearing the evidence the court sustained the application and ordered the expunging of the order for continuance because the terms of the order granting the continuance had not been complied with, the court apparently basing his opinion upon the provision in the former order in these words: "At the election of the plaintiff this order for continuance shall be expunged and this cause shall proceed to trial the same as if this order had not been entered," the court taking the position that since the former order contained this provision and the order was not appealed from, he was bound to carry out the order and expunge the order for continuance, the evidence clearly showing that the tenant had not complied with the order which granted the continuance, in that he had failed to pay any part of the rent.

The appellants take the position that this order did not bind the court of equity, and since the court had retained jurisdiction

of the case, it had the power to modify and set aside this order, and that the court abused its discretion under the circumstances in expunging the former order; while it is the contention of the appellee that the comments of the court which were dictated into the record might justify the assumption that the court did base his finding on this one ground alone, that this dictated opinion in the record was no part of the judgment entry that was appealed from, and that this case is triable de novo in this court, and that the whole record should be examined and if there are any grounds upon which the opinion of the lower court can be sustained, the appellants must necessarily fail.

As we view the case, this provision in the order granting the continuance is not controlling. The moratorium statute contains a specific provision as follows: "Provided, however, that the court shall upon a substantial violation of its said order or orders, or for other good and sufficient cause shown, set aside said order of continuance, and the cause shall proceed to trial as by law now provided, the provisions of this act to the contrary notwithstanding." So, if the former order had contained no provision for expunging the order, the plaintiff would still have the right, under the very provisions of the moratorium statute to insist on the expunging of the order granting the continuance, and the court had the power to so expunge the former order and set it aside, and to order the trial to proceed. That is what the court did in the instant case. We are not able to find, upon examining the evidence, any showing of abuse of discretion of the trial court in making such order. It is true that the evidence shows there was talk of an adjustment between the conservator and the tenant, Bruce McFee, McFee demanding that he accept $400, which the conservator refused to entertain. McFee claims, however, that he did accept and agreed to recommend the settlement on the basis of the payment of $450, instead of $650, provided for by the court's order. This is denied by the conservator, and the appellant is not corroborated in his statement, and his own evidence shows that the compromise settlement for the cash payment, whatever it was to be, was coupled with a condition that they agree upon the 1936 rental, and there is no showing that the minds of the parties ever met or came to agreement or understanding in reference to the 1936 rental; so that on appellant's own contention the offer was never accepted as made, and

appellant's contention that there was an agreement or settlement is not sustained by the record.

Appellants' counsel strenuously contends that a grave injustice is being done the appellants; that because of the weather conditions there was a partial crop failure on this farm in 1935, and that the court abused its discretion because of the equities involved. The evidence shows that the tenant-defendant, Bruce McFee, produced 1200 bushels of soft corn, about 600 bushels of oats and some timothy seed, and had the use of the meadow and pasture land; that at the time of the trial he had on the premises a part of this corn and oats, that he had 11 head of cows, 13 calves, 33 head of fall pigs, 10 brood sows and some work horses; that he also received a government check for the first payment in 1935 in the sum of $204. What the second payment would be is not shown by the record. So he was not unable to pay, and the plain import of his evidence is that he could·pay this rent agreed upon, but to do so would require him to cut into his capital sum. Here is his own statement: "The corn is not in condition to feed work stock at the present time. If the court compels me to pay the full amount of the rent for 1935 I would just have to get rid of those fall pigs and I ain't sure that would do the job, and I would have the soft corn on my hands. I would have to pay it out of my working capital."

It should be observed that the order of the court fixing the $650 rental on this 200-acre farm was made in June, 1935. There was contention over the matter and the court had to fix the amount. It appears from the record that a restraining order has been entered in this court, restraining the plaintiff from disturbing the appellant in his possession until this matter has been determined by the Supreme Court. This restraining order was granted on condition that the appellant in possession should pay the appellee the sum of $450 to be applied upon the rent on or before the 15th day of May, 1936. Appellant in his argument states that this has been paid. It may be that $450 was adequate rental for the 200-acre farm, considering the crop conditions as they turned out to be at the end of the year 1935. But the court had previously determined this matter and fixed the amount the appellants should pay to the appellee as rental at $650. The trial court in fixing this amount apparently was advised of some of the difficulties that had existed between the appellant in possession and the plaintiff, and added the specific

proviso, No. 7, which has heretofore been set out, which is in the nature of a penalizing provision intended to make the order for the carrying out of the provision of the court's order in fixing the rental as binding and unalterable as possible under the statute. The trial court did not see fit to disturb or change what his predecessor had placed in the order, and in accordance with said order, and also in strict accordance with the moratorium statute, expunged the former order because of failure to comply therewith.

We see no abuse of discretion and find no reason for disturbing the trial court's order. The case accordingly must be affirmed.—Affirmed.

PARSONS, C. J., and KINTZINGER, RICHARDS, DONEGAN, and ANDERSON, JJ., concur.